EILEEN T. GALLAGHER, J.:
{¶ 1} Defendants-appellants, Anthony Gombita, et al. ("appellants"), appeal from the trial court's judgment granting summary judgment and a decree of foreclosure in favor of plaintiff-appellee, MorEquity, Inc. Appellants raise the following assignments of error:
1. The trial court erred to the prejudice of appellants by granting appellee's motion for summary judgment even though appellee failed to prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 ( 12 U.S.C. 1701 et seq. ) and 42 U.S.C. 3534(a).
2. Reviewing appellee's motion for summary judgment de novo, the record is clear and convincing that the trial court erred to the prejudice of appellants by granting the appellee's motion for summary judgment.
3. The trial court erred to the prejudice of appellants by granting appellee's motion for summary judgment based upon the presence of genuine issues of material fact regarding appellee's failure to provide sufficient evidence of entitlement to foreclosure and damages.
{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.
I. Procedural and Factual History
{¶ 3} On January 22, 2004, appellants executed a note payable to Wilmington Finance, a division of AIG Federal Savings Bank in the principal amount of $140,000. To secure payment of the note, appellants executed a mortgage on real property located in Euclid, Ohio (the "property") in favor of Wilmington Finance, a division of AIG Federal Savings Bank (the "mortgage"). The mortgage was recorded in the Cuyahoga County Recorder's Office on January 27, 2004.
{¶ 4} The note contains an undated allonge, which specifically endorses the note from Wilmington Finance to MorEquity. A second allonge attached to the note contains an endorsement in blank that is signed by a representative of MorEquity. On January 29, 2004, Wilmington Finance assigned the mortgage to MorEquity. The assignment of the mortgage was recorded on June 18, 2004.
{¶ 5} On January 21, 2012, appellants entered into a Home Affordable Modification Agreement. The agreement modified *304 certain terms of the loan and reflected an unpaid principal balance of $132,870.82.
{¶ 6} On March 17, 2017, MorEquity commenced this foreclosure action as a result of appellants' default under the terms of the note and mortgage due to nonpayment. The complaint did not seek a personal judgment against appellants because the note was discharged in bankruptcy proceedings. Rather, MorEquity sought to enforce its security interest and recover from the sale of the property the remaining principal amount due. Appellants filed an answer and raised numerous defenses.
{¶ 7} On August 9, 2017, MorEquity filed a motion for summary judgment. MorEquity asserted that "as provided in the Note and Mortgage, Plaintiff has an absolute legal right, upon default, to accelerate and call due the balance due thereon." Attached to its motion was the affidavit of Yvonne Aguirre, a document execution specialist at Nationstar Mortgage L.L.C. ("Nationstar"). Aguirre averred that (1) Nationstar is the authorized loan servicer for MorEquity, Inc.; (2) she has personal knowledge of the facts set forth in her affidavit based upon a review of Nationstar's business records and her knowledge of Nationstar's procedures for creating those records; (3) MorEquity had possession of the note when the foreclosure complaint was filed; (4) appellants had defaulted on the note; (5) Nationstar mailed appellants a letter on October 29, 2015, that notified them of the default and their right to cure; (6) the appellants failed to cure the default; and (7) appellants owed $115,457.78 on the principal balance, plus interest, as of August 1, 2015. Attached to Aguirre's affidavit were verified and authenticated copies of the note, the mortgage, assignments of the mortgage, the loan modification agreement, the demand letter and notice of acceleration sent to appellants, and appellants' payment history.
{¶ 8} On September 8, 2017, appellants filed a brief in opposition to summary judgment, arguing that MorEquity (1) failed to comply with U.S. Department of Housing and Urban Development ("HUD") regulations prior to initiating the foreclosure action, (2) failed to present sufficient evidence that it had standing to enforce the note and mortgage, and (3) failed to submit any specific evidence of compensable damages.
{¶ 9} On October 18, 2017, a magistrate granted MorEquity's motion for summary judgment and issued a decision with findings of fact and conclusions of law. The magistrate's decision provides, in relevant part:
There is no genuine issue as to any material fact, and that reasonable minds can come to but one conclusion which is adverse to the Defendants, Anthony R. Gombita and Rhonda Gombita, and that Plaintiff is entitled to judgment as a matter of law, and therefore Plaintiff's motion for summary judgment is granted.
{¶ 10} On November 1, 2017, appellants filed objections to the magistrate's decision. On November 13, 2017, the trial court denied the appellants' objections and adopted the magistrate's decision granting summary judgment in favor of MorEquity.
{¶ 11} Appellants now appeal the trial court's judgment.
II. Law and Analysis
A. Standard of Review
{¶ 12} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law and (3) viewing the evidence most strongly *305 in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party.
{¶ 13} On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate its entitlement to summary judgment. Dresher v. Burt , 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. Id. at 293, 662 N.E.2d 264. Summary judgment is appropriate if the nonmoving party fails to meet this burden. Id.
{¶ 14} To prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove (1) that the plaintiff is the holder of the note and mortgage or is otherwise entitled to enforce the instrument; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) that the mortgagor is in default; (4) that all conditions precedent have been met; and (5) the amount of principal and interest due. Bank of N.Y. Mellon v. Walker , 8th Dist. Cuyahoga, 2017-Ohio-535, 78 N.E.3d 930, ¶ 30 ; Deutsche Bank Natl. Trust Co. v. Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, 2013 WL 1791372, ¶ 17.
B. Conditions Precedent
{¶ 15} In their first assignment of error, appellants argue MorEquity did not prove that it satisfied all conditions precedent mandated by the National Housing Act of 1934 ( 12 U.S.C. 1701 et seq. ) and 42 U.S.C. 3534(a). Specifically, appellants contend that MorEquity failed to conduct a face-to-face meeting with them before commencing this foreclosure action as required under 24 C.F.R. 203.604(b).
{¶ 16} The Federal Housing Administration ("FHA") provides mortgage insurance on loans made by FHA-approved lenders throughout the United States and its territories. Congress created the FHA with the passage of the National Housing Act of 1934, and the FHA became a part of HUD in 1965. 42 U.S.C. 3534(a) (2012). HUD promulgated regulations pertaining to FHA-insured mortgages pursuant to its authority conferred by Congress. 12 U.S.C. 1701 et seq. (2012).
{¶ 17} Loans governed by or incorporating HUD regulations must comply with 24 C.F.R. 203.604(b). Fannie Mae v. Herren , 8th Dist. Cuyahoga, 2017-Ohio-8401, 99 N.E.3d 1071, ¶ 39 ; Bank of Am. v. Allen , 8th Dist. Cuyahoga No. 105473, 2017-Ohio-7726, 2017 WL 4177022, ¶ 19. The regulation provides, in relevant part:
The mortgagee must have a face-to-face interview with the mortgagor, or make a reasonable effort to arrange such a meeting, before three full monthly installments due on the mortgage are unpaid. If default occurs in a repayment plan arranged other than during a personal interview, the mortgagee must have a face-to-face meeting with the mortgagor, or make a reasonable attempt to arrange such a meeting within 30 days after such default and at least 30 days before foreclosure is commenced[.]
Id.
{¶ 18} This court has previously held that when federal regulations relating to default and acceleration of loans are incorporated into the terms of a note and mortgage, compliance with those regulations are conditions precedent to foreclosure.
*306 Bank of Am., N.A. v. Michko , 8th Dist. Cuyahoga No. 101513, 2015-Ohio-3137, 2015 WL 4660060, ¶ 18, citing Secy. of Veterans Affairs v. Anderson , 8th Dist. Cuyahoga, 2014-Ohio-3493, 17 N.E.3d 1202, ¶ 15. Thus, "if the terms of the note and mortgage subject it to HUD regulations regarding default and acceleration, then a homeowner may use a servicer's failure to comply with those regulations to defend a foreclosure action." BAC Home Loans Servicing, L.P. v. Taylor , 2013-Ohio-355, 986 N.E.2d 1028, ¶ 14 (9th Dist.).
{¶ 19} However, not all notes and mortgages are subject to those HUD regulations. See U.S. Bank Natl. Assn. v. Martz , 11th Dist. Portage No. 2013-P-0028, 2013-Ohio-4555, 2013 WL 5635986, ¶ 14. Thus, when faced with a challenge concerning compliance with HUD regulations, a court's first step is to determine if those regulations are applicable to the note and mortgage at issue. See JPMorgan Chase Bank, N.A. v. Burden , 9th Dist. Summit No. 27104, 2014-Ohio-2746, 2014 WL 2918455, ¶ 17.
{¶ 20} In this case, the subject note, mortgage, and loan modification agreement are devoid of any language referencing the FHA, the Secretary of HUD, or specific HUD regulations. See Martz at id. (finding federal housing regulations are not a defense to a foreclosure action where there is no indication in the security instrument that the mortgage was federally insured). Appellants argue, nonetheless, that the HUD regulations are applicable because "the alleged note and mortgage * * * expressly incorporate federal law and regulations." Faced with similar arguments, Ohio courts have routinely held that language merely referencing federal law does not demonstrate that HUD regulations are applicable to the mortgage.
The recognition of the fact that the mortgage, as with any business transaction occurring within the territorial United States, is subject to federal law does not demonstrate that the mortgage is federally insured or that federal housing regulations have otherwise been incorporated into the agreement.
Burden at ¶ 21, quoting Martz at ¶ 16.
{¶ 21} Applying the foregoing to the circumstances of this case, we find no merit to appellants' reliance on the instruments' broad references to federal law. Appellants have failed to point to any specific facts or provisions in the note, mortgage, or the loan modification agreement demonstrating the applicability of the referenced HUD regulations to this foreclosure action. Accordingly, appellants' first assignment of error is overruled.
C. Entitlement to Foreclosure
{¶ 22} In their second assignment of error, appellants argue the trial court erred to their prejudice by granting summary judgment in favor of MorEquity. Appellants contend that MorEquity failed to present sufficient evidence establishing its right to foreclose on the property.
1. Sufficiency of Supporting Affidavit
{¶ 23} Appellants first challenge the sufficiency of the affidavit submitted in support of MorEquity's motion for summary judgment. Appellants claim that the affidavit of Yvonne Aguirre "failed on its face to warrant summary judgment" and should not have been relied upon by the trial court. Specifically, appellants contend that Aguirre's affidavit lacked "credibility and substantiation," was based on inadmissible hearsay, and failed to demonstrate the particular basis upon which Aguirre claimed "personal knowledge" of the relevant facts.
{¶ 24} Civ.R. 56(E) sets forth the requirements for affidavits submitted on summary judgment. It provides, in relevant part:
Supporting and opposing affidavits shall be made on personal knowledge, shall *307 set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit. * * *
{¶ 25} " 'Unless controverted by other evidence, a specific averment that an affidavit pertaining to business is made upon personal knowledge of the affiant satisfies the Civ.R. 56(E) requirement that affidavits both in support or in opposition to motions for summary judgment show that the affiant is competent to testify to the matters stated.' " Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 20, quoting Bank One, N.A. v. Swartz , 9th Dist. Lorain No. 03CA008308, 2004-Ohio-1986, 2004 WL 840118, ¶ 14, citing State ex rel. Corrigan v. Seminatore , 66 Ohio St.2d 459, 423 N.E.2d 105 (1981), paragraph two of the syllabus. There is no requirement that an affiant explain the basis for his or her personal knowledge where personal knowledge can be reasonably inferred based on the affiant's position and other facts contained in the affidavit. Bank of Am. v. Lynch , 8th Dist. Cuyahoga No. 100457, 2014-Ohio-3586, 2014 WL 4100955, ¶ 27, citing Nationstar Mtge., L.L.C. v. Perry , 8th Dist. Cuyahoga No. 99497, 2013-Ohio-5024, 2013 WL 6021461, ¶ 15 ; Najar at ¶ 74.
{¶ 26} In this case, the record reflects that, in its capacity as the loan servicer for MorEquity, Nationstar Mortgage, L.L.C. "services and maintains records for the loan that is secured by the mortgage being foreclosed in this action." Aguirre's affidavit states that she is a document execution specialist for Nationstar. "As part of [her] job responsibilities with Nationstar," Aguirre is "familiar with [the] business records maintained by Nationstar in connection with the loan." Aguirre averred that she acquired personal knowledge of the facts stated in her affidavit by reviewing Nationstar's business records relating to appellants' loan. Aguirre also stated that she had personal knowledge of Nationstar's procedures for creating the records maintained by Nationstar in connection with the loan. Having reviewed all relevant business records, Aguirre averred that appellants defaulted on their loan and owe a principal sum of $115,457.78 together with an interest rate of 2.00 percent per year from August 1, 2015. She further averred that MorEquity "directly or through an agent, has possession of the promissory note and held the note on March 17, 2017, at the time of the filing of the foreclosure complaint."
{¶ 27} Upon consideration, we find the foregoing averments were sufficient to satisfy Civ.R. 56(E)'s personal knowledge requirement. The fact that Aguirre is an employee of Nationstar, the servicing agent of the loan, rather than an employee of MorEquity, is of no consequence. See Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 27 ; Deutsche Bank Natl. Trust Co. v. Gardner , 8th Dist. Cuyahoga No. 92916, 2010-Ohio-663, 2010 WL 663969, ¶ 10 (servicer of borrower's loan competent to testify regarding the content of documents in borrower's loan file with which he was personally familiar); Bank of New York v. Dobbs , 5th Dist. Knox No. 2009-CA-000002, 2009-Ohio-4742, 2009 WL 2894601, ¶ 40 ("even though * * * not employed by" appellee, affidavit of loan servicing agent was sufficient to authenticate documents).
{¶ 28} We further find no merit to appellant's vague assertion that the substance of Aguirre's affidavit was gleaned from her review of inadmissible hearsay. Under similar circumstances, this court has concluded that the documents the affiant *308 reviewed and attached to her affidavit were either not hearsay or were excepted from the hearsay rule of inadmissibility. This court has explained:
The Note, the Mortgage, the Mortgage Assignments, and [notification] letter to appellants are not hearsay. "Hearsay" is defined as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The foregoing documents were not offered to prove the truth of the matters asserted therein. Rather, the Note, the Mortgage, and the Mortgage Assignments were offered to prove that persons engaged in transactions creating legal rights and responsibilities. * * * Additionally, the Mortgage, the Mortgage Assignments, and the statements contained therein are excepted from the hearsay rule under Evid.R. 803(14) and (15) as records of documents affecting an interest in property and statements in documents affecting an interest in property.
Wilmington Trust N.A. v. Boydston , 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, 2017 WL 2983326, ¶ 16, quoting Wells Fargo Bank Natl. Assn. v. Maxfield , 12th Dist. Butler, 2016-Ohio-8102, 75 N.E.3d 864. See also Nationstar Mtge., L.L.C. v. Wagener , 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, 2015 WL 1511009, ¶ 26 ; Deutsche Bank Trust Co. v. Jones , 8th Dist. Cuyahoga, 2018-Ohio-587, 107 N.E.3d 117. Applying the foregoing to the circumstances of this case, we find the documents referenced in Aguirre's affidavit were not offered for the truth of the matters asserted therein.
{¶ 29} Moreover, even if the relevant documents were considered to be hearsay, Aguirre's affidavit provided a sufficient foundation for the admissibility of the relevant loan documents as business records under the business-records exception to the hearsay rule in Evid.R. 803(6). To qualify for the business-records exception, the record must be (1) recorded regularly in a regularly conducted activity; (2) by a person with knowledge of the act or event recorded must have made the record; (3) it must have been recorded at or near the time of the act or event recorded; and (4) the party who seeks to introduce the record must lay a foundation through testimony of the record custodian or another qualified witness. State v. Davis , 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 171.
{¶ 30} As stated, Aguirre averred that as part of her job duties, she was familiar with the records relating to appellants' loan. She stated that Nationstar's records were made at or near the time of the event described in the record by a person with knowledge, the records were made and kept in the ordinary course of Nationstar's regularly conducted business activity, were created by Nationstar by regular practice, and she had personally reviewed them. She also authenticated the documents as true and correct copies of the documents electronically stored in Nationstar's business records. Under these circumstances, we find the affidavit satisfied the requirements of Evid.R. 803(6). See Boydston , 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, at ¶ 19.
2. Standing and Real Party in Interest
{¶ 31} Appellants next contend that the trial court erred in granting summary judgment in favor of MorEquity because genuine issues of material fact exist as to whether MorEquity had standing to bring the foreclosure action and was "the true real party in interest." Appellants argue that MorEquity failed to establish standing because the Aguirre affidavit "did not sufficiently state how or when, and if *309 ever properly and legally, [MorEquity] obtained the note and mortgage." Appellants also complain that there is no evidence that the "rubber-stamped endorsements and/or allonge" were agreed to by the appellants or affixed to the note.
{¶ 32} A party commencing litigation must have standing to sue in order to invoke the jurisdiction of the common pleas court. Fed. Home Loan Mtge. Corp. v. Schwartzwald , 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38. To have standing, a plaintiff must have "a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court." Bank of Am., N.A. v. Adams , 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, 2015 WL 793288, ¶ 7, citing Tate v. Garfield Hts. , 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, 2013 WL 2382619, ¶ 12, and Middletown v. Ferguson , 25 Ohio St.3d 71, 75, 495 N.E.2d 380 (1986). Because it is required to invoke the jurisdiction of the common pleas court, standing to sue " 'is to be determined as of the commencement of suit.' " Schwartzwald at ¶ 24, quoting Lujan v. Defenders of Wildlife , 504 U.S. 555, 570-571, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992), fn. 5. If a plaintiff lacks standing at the time the foreclosure complaint is filed, the case must be dismissed; it cannot be cured through an assignment or other transfer prior to judgment. Schwartzwald at ¶ 39-40.
{¶ 33} Standing to commence a foreclosure action requires that the plaintiff hold the note and have an interest in the mortgage when the foreclosure complaint is filed. Fannie Mae v. Hicks , 2016-Ohio-8484, 77 N.E.3d 380, ¶ 4, fn. 2 (8th Dist.), citing Deutsche Bank Natl. Trust Co. v. Holden , 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 27 ; Najar , 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 56 ; Wells Fargo Bank, N.A. v. Jordan , 8th Dist. Cuyahoga No. 91675, 2009-Ohio-1092, 2009 WL 625560, ¶ 23. The current holder of the note and mortgage is the real party in interest in a foreclosure action. Deutsche Bank Natl. Trust Co. v. Greene , 6th Dist. Erie No. E-10-006, 2011-Ohio-1976, 2011 WL 1590296, ¶ 13.
{¶ 34} A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303. Wells Fargo Bank, N.A. v. Carver , 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). Under R.C. 1303.31(A), three "persons" are entitled to enforce an instrument (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument under R.C. 1303.38 or 1303.58(D).
{¶ 35} Under R.C. 1301.201(B)(21)(a), a holder includes "[t]he person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession." Here, the latest allonge attached to the note was endorsed in blank by MorEquity. When an instrument is endorsed in blank, it becomes payable to the bearer and may be negotiated by transfer of possession alone. R.C. 1303.25(B). Thus, the person in possession of an instrument endorsed in blank is the "holder" of the instrument, and as such, is a "person entitled to enforce" the instrument. R.C. 1301.201(B)(21).
{¶ 36} In this case, MorEquity attached a copy of the note and its allonges to the original complaint and its motion for summary judgment. In addition, Aguirre's affidavit expressly states that at the time of the filing of the complaint on March 17, 2017, MorEquity had possession of the promissory note. The fact that the allonge is undated does not negate the fact that the foregoing evidence demonstrates that, *310 at the very least, MorEquity was in possession of the note and its allonge endorsed in blank before it filed this foreclosure action. See U.S. Bank, N.A. v. Matthews , 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, 2017 WL 2378128, ¶ 30, citing Wagener , 8th Dist. Cuyahoga No. 101280, 2015-Ohio-1289, ¶ 36 ; Jones , 8th Dist. Cuyahoga, 2018-Ohio-587, 107 N.E.3d 117 at ¶ 27 ("there is no requirement that indorsements on a negotiable instrument be dated."). As the holder, MorEquity had the right to enforce the note.
{¶ 37} Despite appellants' assertion to the contrary, appellants "were not required to 'sign' the endorsement and allonge or 'otherwise agree' to the negotiation and transfer of the note in order for it to be effective." Matthews at id. Moreover, we believe the trial court could reasonably conclude from the foregoing evidence that the allonges attached to the complaint were properly affixed to the note at the time this case was filed. See Boydston , 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, at ¶ 24 ("[Affiant] was not required to aver that the allonge was physically attached to the note in order to establish [Plaintiff]'s holder status."). Accordingly, we find no merit to appellants' broad contention that the assignments of the note were "bogus" and that the allonge was "invalid and unenforceable."
{¶ 38} With respect to the mortgage, the record reflects that the mortgage was assigned to MorEquity on January 29, 2004. The assignment of the mortgage was recorded in the Cuyahoga County Recorder's Office on June 18, 2004, well before this foreclosure case was filed. We note that appellants lack standing to challenge the validity of the assignment of the mortgage because they were not a party to the assignment. In Bank of New York Mellon Trust Co. v. Unger , 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, 2012 WL 1567192, this court explained that the reason for this conclusion is that the assignment does not alter the borrower's obligations under the note or mortgage. Id. at ¶ 35. See also Nationstar Mtge. L.L.C. v. Dimasi , 8th Dist. Cuyahoga No. 102985, 2016-Ohio-3057, 2016 WL 2941213, ¶ 16 ; Macintosh Farms Community Assn. v. Baker , 8th Dist. Cuyahoga No. 102820, 2015-Ohio-5263, 2015 WL 9239027.
{¶ 39} Based on the foregoing, we find the materials attached to MorEquity's complaint and motion for summary judgment established that MorEquity was both the holder of the note and was the assignee of the mortgage at the time it filed its complaint. Accordingly, MorEquity had standing to bring this foreclosure action. Appellants' second assignment of error is overruled.
D. Evidence of Default and Amount Due
{¶ 40} In their third assignment of error, appellants argue that there remain genuine issues of material fact precluding summary judgment "as to whether the account was truly in default" and regarding "the alleged amount due." Appellants contend that by failing to submit a complete "competent, credible 'payment history' " showing "payments made, payments delinquent or otherwise," MorEquity failed to prove compensable damages.
{¶ 41} In support of their position, appellants direct this court's attention to Charter One Bank, F.S.B. v. Kobenald Corp. , 10th Dist. Franklin No. 01AP-886, 2002 WL 433621 (Mar. 21, 2002), for the proposition that Aguirre's "vague statement of money due could not suffice as competent, credible evidence." After careful review, however, we find Kobenald, to be distinguishable from this case.
{¶ 42} In Kobenald , the plaintiff-bank argued that the subject account was in *311 default based on the defendant's failure to make the December 1999 payment. Despite these allegations, however, the payment record submitted by the plaintiff only went through March 1999. The deficiencies in the payment record were material because an affiant for the defendant stated that defendant had made regular payments through the end of 1999. Id. at 2. The defendant's affiant further stated that the defendant had two loans with the plaintiff that it paid with a single check each month. Id. Finally, there was evidence from the bank's records that a payment had been received for the second loan in December 1999. Id. at 2-3. Given this conflicting evidence, the court concluded that summary judgment was not appropriate because the record was "confusing and incomplete." Id.
{¶ 43} By contrast, there is no conflicting evidence present in this case. MorEquity submitted a payment history that spanned from the time of the loan's origination until after the complaint for foreclosure was filed. Moreover, appellants' affidavit does not dispute that the loan was in default and appellants have not presented any evidence to suggest that loan payments were made, but not credited, during the relevant time period. Accordingly, we find appellants' reliance on Kobenald to be unpersuasive.
{¶ 44} This court has consistently held that "[t]here is no requirement that a plaintiff provide a complete 'payment history' in order to establish its entitlement to summary judgment in a foreclosure action." Matthews , 8th Dist. Cuyahoga No. 105011, 2017-Ohio-4075, at ¶ 33 ; Najar, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, at ¶ 40. In fact, in determining the propriety of summary judgment in foreclosure actions, courts have consistently held that
an averment of outstanding indebtedness made in the affidavit of an [individual] with personal knowledge of the debtor's account is sufficient to establish the amount due and owing on the note, unless the debtor refutes the averred indebtedness with evidence that a different amount is owed.
Natl. City Bank v. TAB Holdings, Ltd. , 6th Dist. Erie No. E-10-060, 2011-Ohio-3715, 2011 WL 3242204, ¶ 12. See also Cent. Mtge. Co. v. Elia , 9th Dist. Summit No. 25505, 2011-Ohio-3188, 2011 WL 2571949, ¶ 7 ("An affidavit stating [a] loan is in default is sufficient for purposes of Civ.R. 56, in the absence of evidence controverting those averments."); Boydston , 8th Dist. Cuyahoga No. 105009, 2017-Ohio-5816, at ¶ 29.
{¶ 45} In this case, Aguirre attested, based on her personal review of the records relating to appellants' account, that appellants defaulted on the loan on September 1, 2015, and that the "business records show the principal sum of $115,457.78 together with interest at the rate of 2.00 [percent] per year from August 1, 2015." Her affidavit attached "true and correct" copies of relevant business records, including a copy of the appellant's payment history, which showed the unpaid principal balance on the loan, fees, and escrow advances charged to the loan, and the loan due date. Under these circumstances, we find the affidavit and supporting documents were sufficient to meet MorEquity's burden of establishing the amount due on the note. Moreover, beyond conclusory assertions, appellants have produced no evidence to controvert MorEquity's evidence regarding the amount due. Id. at ¶ 30.
{¶ 46} We note that appellants' third assignment of error also sets forth various statements of law regarding compensatory damages and contract formation. However, appellants do not explain how these general legal principles apply to the facts of *312 their case. Rather, they simply make the conclusory assertions that "[MorEquity] failed to prove compensable damages" and "[the] essential elements [for contract formation] were not proven by the appellee in the instant matter." The appellants do not further develop these arguments or point to any evidence in the record to support their conclusions. See App.R. 16(A)(7) and Loc. App.R. 7(F). This court will not develop an argument on their behalf. See Bank of New York Mellon v. Bridge , 9th Dist. Summit, 2017-Ohio-7686, 97 N.E.3d 1009, ¶ 29, citing Cardone v. Cardone , 9th Dist. Summit No. 18349, 1998 WL 224934, 3 (May 6, 1998).
{¶ 47} Appellants' third assignment of error is overruled.
III. Conclusion
{¶ 48} Based on the foregoing, we find MorEquity met its burden under Civ.R. 56(C) of establishing its entitlement to foreclosure. Collectively, the documents incorporated into the affidavit attached to MorEquity's motion for summary judgment demonstrated (1) that MorEquity is the holder of the note and mortgage, (2) the chain of assignments and transfers, (3) that the mortgagor is in default, (4) that all conditions precedent have been satisfied, and (5) the amount of principal and interest due. In contrast, appellants did not submit Civ.R. 56(E) evidence setting forth specific facts demonstrating a genuine issue of material fact. Although appellants filed objections to the magistrate's decision, they failed to identify any evidence to support their claims and defenses. Because no genuine issues of material fact remain, the trial court did not err in adopting the magistrate's decision granting summary judgment in favor of MorEquity.
{¶ 49} Judgment affirmed.
EILEEN A. GALLAGHER, A.J., and
LARRY A. JONES, SR., J., CONCUR