[Cite as *JP Morgan Chase Bank, N.A. v. Loseke*, 2021-Ohio-68.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JP MORGAN CHASE BANK, N.A.,  :

    Plaintiff-Appellee,  :

                    No. 109562

    v.  :

NANCY L. LOSEKE, ET AL.,  :

    Defendants-Appellants.  :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 14, 2021

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-18-895511

---

### *Appearances:*

Blank Rome, L.L.P., William L. Purtell and John R. Wirthlin, *for appellee.*

James S. Wertheim, L.L.C., and James S. Wertheim, *for appellant.*

EILEEN A. GALLAGHER, J.:

{¶ 1} Defendant-appellant Nancy Loseke appeals from the trial court's judgment granting summary judgment and decree of foreclosure to plaintiff-appellee JP Morgan Chase Bank, N.A. We affirm.

**Assignment of Error:**

> The Trial Court erred in granting summary judgment to Plaintiff as the evidence, construed most strongly in favor of Defendant, clearly sets forth genuine issues of material fact.

**Background**

{¶ 2} On January 20, 1998, Loseke executed a note payable to Merrill Lynch Credit Corporation for the principal amount of $325,000 plus a "fixed/adjustable" interest rate. The note recognizes that Merrill Lynch "may transfer this Note" and further, recognizes that "anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the 'Note Holder.'" The note provides that failure to pay the full monthly payment by the due date results in default and includes an acceleration clause entitling the holder, upon notice, to demand full payment of the unpaid principal and interest. Merrill Lynch indorsed the note in blank.

{¶ 3} On the same day, to secure the note, Loseke executed an open-end mortgage on 135 West Juniper Lane, Moreland Hills, Ohio in favor of Merrill Lynch. The mortgage defines Loseke as a jointly and severally liable mortgagor. It requires timely payments and includes an acceleration clause, effective in case of default. The mortgage provides that "the Note or a partial interest in the Note (together with this Security Instrument) may be sold one or more times without prior notice to Borrower."

{¶ 4} On September 25, 2001, Merrill Lynch assigned the mortgage to Cendant Mortgage Corporation. Cendant subsequently changed its name to PHH Mortgage Corporation.

{¶ 5} Loseke defaulted on her payment of the note by failing to submit her July 2017 payment. Loseke tendered her last payment on August 1, 2017 which was returned due to insufficient funds and has made no payment since. On August 18, 2017, PHH mailed Loseke a demand letter and notice of default, informing her that failure to cure the default by September 22, 2017, would result in acceleration and initiation of foreclosure. The balance due on the note was $200,539.41. From June 1, 2017, to February 1, 2018, the interest rate on the note was 3.625 percent. From March 1, 2018, to October 11, 2018, the interest rate on the note was 4.5 percent.

{¶ 6} On December 17, 2017, PHH assigned the mortgage to PNC Bank N.A. On February 6, 2018, PNC assigned the mortgage to JPM Chase.

{¶ 7} JPM Chase filed its complaint "for Money Judgment, Foreclosure and Relief" on April 2, 2018. To the complaint, JPM Chase attached (1) a copy of the original note executed by Loseke and payable to Merrill Lynch, (2) a copy of the original open-end mortgage provided to Merrill Lynch to secure the note and (3) the three properly recorded mortgage assignments, including the most recent to JPM Chase. Loseke answered. JPM Chase moved for summary judgment, attaching those same documents to its motion and otherwise supplementing the record with documents and affidavits from its counsel, a JPM Chase representative and a loan

servicer representative. Loseke opposed the motion, basing her opposition entirely on unsubstantiated claims; she offered no evidence of her own. JPM Chase filed a reply brief.

{¶ 8} The magistrate determined that Chase was entitled to summary judgment and issued a decision containing factual findings and legal conclusions. The magistrate found from the evidence presented that Loseke executed a note and defaulted on the payments due on the note. The magistrate further found that the amount due on the note was accelerated pursuant to the note's terms and that accordingly, Loseke owed JPM Chase $200,539.41 on the note plus 4.5 percent annual interest from June 1, 2017, and as adjusted pursuant to the terms of the note.

{¶ 9} The magistrate found that to secure payment of the note Loseke executed and delivered a mortgage deed on the West Juniper Lane property, that the mortgage was recorded and thus became a valid first lien subject to the treasurer. The magistrate further found that the mortgage was assigned to JPM Chase, that Loseke defaulted on payment as required by its terms and, as such, JPM Chase was entitled to foreclosure.

{¶ 10} The trial court adopted the magistrate's decision, rendering judgment in favor of JPM Chase and against Loseke in the amount of $200,539.42 plus interest at the annual rate of 4.5 percent from June 1, 2017, and further, unless Loseke paid the full amount due plus associated costs within three days of the court's decision, the property would be foreclosed and sold to satisfy the debt.

**Law and Analysis**

{¶ 11} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion, namely one adverse to the nonmoving party that entitles the moving party to judgment as a matter of law. *Bank of New York Mellon v. Fisher*, 8th Dist. Cuyahoga No. 108855, 2020-Ohio-4742, ¶ 12, quoting *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the grant of summary judgment de novo. *Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, ¶ 4.

{¶ 12} On a motion for summary judgment, the moving party carries the initial burden of identifying specific facts in the record that demonstrate entitlement to summary judgment. *Fisher* at ¶ 13, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this initial burden, summary judgment is inappropriate. *Id.*, citing *Dresher* at 293. If the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.*, citing *Dresher* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*, citing *Dresher* at 293.

{¶ 13} In a foreclosure action, summary judgment is appropriate if the plaintiff establishes: (1) it is the holder of both the note and the mortgage or may otherwise enforce the instrument, (2) the chain of assignments and transfers if it is

not the original mortgagee, (3) the mortgagor is in default, (4) all conditions precedent have been met and (5) the amount of principal and interest due. *MorEquity, Inc. v. Gombita*, 2018-Ohio-4860, 125 N.E.3d 300, ¶ 14 (8th Dist.).

**{¶ 14}** In her assignment of error, Loseke argues that the court erred by granting JPM Chase summary judgment for two reasons: (1) JPM Chase failed to establish standing where it failed to prove who owns the note and has the right to foreclosure, and (2) JPM Chase failed to establish the amount of principal and interest due. We address each claim in turn.

**Standing**

**{¶ 15}** "Standing to commence a foreclosure action requires that the plaintiff hold the note and have an interest in the mortgage when the foreclosure complaint is filed." *MorEquity, Inc* at ¶ 33, citing *Fannie Mae v. Hicks*, 2016-Ohio-8484, 77 N.E.3d 380, ¶ 4, fn. 2 (8th Dist.). In a foreclosure action, the real party in interest is the current holder of the note and mortgage. *Id.*

**{¶ 16}** "A note secured by a mortgage is a negotiable instrument that is governed by R.C. Chapter 1303." *Id.* at ¶ 34, citing *Wells Fargo Bank, N.A. v. Carver*, 2016-Ohio-589, 60 N.E.3d 473, ¶ 14 (8th Dist.). R.C. 1303.31(A)(1) entitles the holder of an instrument to enforce the instrument. *Id.* A "holder" includes a person possessing a negotiable instrument payable to "bearer." R.C. 1301.201(B)(21)(a); *id.*

**{¶ 17}** Here, as stated, Loseke executed her note in favor of Merrill Lynch. By virtue of Merrill Lynch's blank indorsement on the note, it became payable to the

bearer and, thus, negotiable by transfer of possession alone. R.C. 1303.25(B); *Gombita* at ¶ 35. As such, by virtue of JPM Chase's undisputed possession of the note indorsed in blank it is a holder and had standing to enforce the note.

{¶ 18} As to the mortgage, this court has observed that a defendant in a foreclosure action lacks standing to challenge the validity of a mortgage assignment where the defendant is not a party to the assignment. *See, e.g., Gombita* at ¶ 38, citing *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950; *see also Nationstar Mtge. L.L.C. v. Dimasi*, 8th Dist. Cuyahoga No. 102985, 2016-Ohio-3057, ¶ 16 ("[A] borrower lacks standing to challenge the mortgage assignment because the mortgage assignment does not alter the borrower's obligations under the note or mortgage."). Nevertheless, we note that the record reflects that JPM Chase was assigned the mortgage on February 6, 2018, and that it was recorded the same day, prior to April 2, 2018, when JPM Chase filed its complaint. Moreover, we reject Loseke's unsubstantiated claim that "there is a clear gap in the chain of title," where the undisputed evidence in the record establishes the validity of the three mortgage assignments.

{¶ 19} Accordingly, based on the evidence attached to its complaint and motion for summary judgment establishing JPM Chase was the note holder and assignee of the mortgage at the time it filed its complaint, we conclude that JPM Chase had standing to bring this action.

**Amount of Principal and Interest Due**

{¶ 20} A plaintiff seeking summary judgment in a foreclosure action must establish the amount of principal and interest due. *Gombita* at ¶ 14

{¶ 21} To establish the amount of principal and interest due, JPM Chase included affidavits of assistant vice presidents of the loan servicer as well as the bank. It established each person was competent to testify to matters stated in each respective affidavit. *See* Civ.R. 56(E).

{¶ 22} Sharon Feeley, a PHH assistant vice president averred that PHH is the servicer of Loseke's loan records as they have been maintained by PHH and she further averred to have reviewed and relied upon those records. She averred that JPM Chase was in possession of the original indorsed note, the date of Loseke's last payment the amount due and owing on the note, the date of Loseke's last payment and the notice of default and demand letter sent to Loseke.

{¶ 23} Feeley's affidavit is corroborated by other evidence in the record, including copies of the original note and mortgage, payment history and notice of default and demand letter. Based on review of the above, Feeley concluded that the that amount due was $200,539.41.

{¶ 24} Julian Medina, a JPM Chase assistant vice president averred that PHH maintains the Loseke records. Medina claimed to have personal knowledge of PHH's practices and procedures for servicing loans of which he is involved as a routine function of his job and further that he specifically reviewed and relied on the Loseke records. Medina averred that the interest rate on the note was 3.625 percent

from June 1, 2017, to February 1, 2018 and 4.5 percent from March 1, 2018, to October 11, 2018.

{¶ 25} As stated, Loseke presented no evidence to challenge the amount of principal or interest due. Moreover, she makes no claim that the amount of principal due was $200,539.41 and that the amount of interest due was 3.625 percent from June 1, 2017, to February 1, 2018, and 4.5 percent from March 1, 2018, to October 11, 2018. Instead, she asks rhetorical questions as to the credibility of Feeley's affidavit and she complains that there are "charges on the Customer Account for fees which are not explained" that "range[] from $11 to $94.55." Loseke fails to identify these "charges" and fails to affirmatively prove that they are incorrect. More critically, she fails to establish that these "charges" were part of the principal or interest due.

**Conclusion**

{¶ 26} We find that JPM Chase met its initial burden of identifying specific facts in the record that demonstrate it was entitled to summary judgment. Moreover, we find that Loseke failed to meet her reciprocal burden to point to evidence of specific facts in the record demonstrating genuine issues of material fact for trial. Accordingly, we conclude that summary judgment for JPM Chase was appropriate.

{¶ 27} We overrule the assignment of error.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, JUDGE

LARRY A. JONES, SR., P.J., and
MICHELLE J. SHEEHAN, J., CONCUR