[Cite as *M&T Bank v. Stewart*, 2024-Ohio-1054.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

M&T BANK, ET AL.,                          :

    Plaintiffs-Appellees,          :

                              No. 112968

    v.                             :

GEORGE STEWART, ET AL.,                    :

    Defendants-Appellants.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 21, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-16-864714

---

### *Appearances:*

Reimer Law Co. and Mike L. Wiery, *for appellees.*

Law Office of Paul B. Bellamy, JD, PhD, and Paul B. Bellamy, *for appellant.*

KATHLEEN ANN KEOUGH, A.J.:

{¶ 1} Defendant-appellant, Ministerial Day Care/Headstart Association ("MDCA") appeals from the trial court's judgment overruling its objections to the magistrate's decision that granted summary judgment to the new-party plaintiff-appellee, Community Loan Serving, LLC ("CLS"), and ordered foreclosure of the

subject real property. For the reasons that follow, we affirm the trial court's decision.

## I.    Factual History

{¶ 2} On March 3, 2005, MDCA executed a quitclaim deed transferring its interest in commercial property located 7020 Superior Avenue, Cleveland, Ohio 44120 ("the Property") to George Stewart ("Stewart). MDCA operates its business from this address.

{¶ 3} On March 14, 2005, Stewart executed multiple documents, including a commercial promissory note ("Note") that contained an unconditional promise to pay $800,000 plus interest at a rate of 10.49% per annum to New World Commercial Lender, LLC ("New World"). As security for the Note, Stewart and his wife, Lorraine, releasing her dower rights, executed a commercial Open-End Mortgage and Security Agreement ("Mortgage") granting New World a first and best lien on the Property. As part of this commercial transaction, Stewart, as assignor, and his wife, releasing her dower rights, executed an Assignment of Leases and Rents to New World. The Mortgage was recorded on March 17, 2005.

{¶ 4} On September 28, 2005, Stewart quitclaimed the Property back to MDCA, subject to the Mortgage. On March 11, 2014, New World assigned and transferred the Note and Mortgage to M&T Bank.

{¶ 5} In November 2015, Stewart defaulted under the terms of the Note and Mortgage by failing to make the payments due. As a result, on December 25, 2015 and January 27, 2016, M&T Bank issued notices of default to Stewart. He failed to

cure the loan default and thus, M&T Bank accelerated the loan balance and initiated a foreclosure action.

## II. Procedural Background

{¶ 6} On June 15, 2016, M&T Bank filed a foreclosure complaint with reformation.[1] It named Stewart, as borrower under the Note and as owner of the property, and sought judgment on the Note and foreclosure on the Mortgage. The complaint also named MDCA as a party-defendant that "has an interest in the property." Stewart, acting pro se, filed an answer acknowledging the debt and stating that he was willing to reinstate the account or enter into an agreement to bring the account current. The court referred the matter to mediation, during which time Stewart and MDCA retained counsel. Mediation proved unsuccessful, and in April 2018, the court reinstated the matter to its docket.

{¶ 7} In May 2018, M&T Bank filed an amended complaint for foreclosure and reformation. The amended complaint named MDCA as the owner of the Property and sought a personal judgment against Stewart on the Note, as well as pursued foreclosure on the mortgage. In 2019, following discovery, the parties filed competing motions for summary judgment. The trial court assigned the issue to a magistrate, who in 2020, denied both motions. Both parties filed objections to the magistrate's decision, and in 2021, the trial court rejected the magistrate's decision in total. At the request of Stewart and MDCA, and over objection by MT&T Bank,

---

[1] The complaint sought reformation of the mortgage deed due to a scrivener's error contained in the legal description of the Property.

the trial court again referred the matter to mediation. On March 7, 2022, the trial court returned the case to its active docket because the matter did not settle in mediation.

{¶ 8} On April 21, 2022, Stewart passed away. In May 2022, MCDA filed a suggestion of death pursuant to Civ.R. 25(E). The court referred the case to a magistrate, who set a dispositive motion deadline. In August 2022, the trial court granted M&T Bank's motion to substitute CLS as plaintiff because M&T Bank transferred the Note and assigned the Mortgage to CLS.

## A. Competing Motions for Summary Judgment

{¶ 9} CLS moved for summary judgment, contending that no genuine issue of material fact existed and that it was entitled to judgment as a matter of law. It supported its summary judgment motion with Civ.R. 56(C) evidence establishing that (1) it was the holder of the Note; (2) it was the Assignee of the Mortgage; (3) a default existed under those agreements; (4) it complied with all conditions precedent, including notice of default; and (5) the amount owed under the Note and Mortgage.[2]

{¶ 10} On August 16, 2022, MDCA moved to dismiss Stewart from the action pursuant to Civ.R. 25(A) because he was deceased and neither party had moved to substitute his estate as a party. MDCA also moved for summary judgment,

---

[2] CLS also moved for summary judgment on its claim for reformation of the legal description contained in the mortgage deed. That issue is not relevant for purposes of this appeal.

contending that Stewart did not own the property and because he was deceased, a genuine issue of material fact existed as to whether CLS could foreclose on the property because CLS failed to establish who was personally liable under the Note. It further claimed that Stewart's wife's signature was forged on the Mortgage.

{¶ 11} On February 21, 2023, the trial court granted MDCA's motion to dismiss Stewart from the action because neither party had substituted Stewart's estate as a party to this action pursuant to Civ.R. 25(A).

### B. Magistrate's Decision

{¶ 12} On March 27, 2023, the magistrate issued her decision, denying MDCA's motion for summary judgment and granting CLS's motion for summary judgment. In her written decision, the magistrate found that CLS satisfied its burden of establishing (1) it was the holder of the Note and assignee of the Mortgage and thus, had standing to pursue the foreclosure action, (2) the loan was in default, (3) it had complied with all conditions precedent prior to acceleration of the Note; and (4) the amount owed.

{¶ 13} The magistrate rejected MDCA's contention that CLS had failed to establish who was personally liable for the repayment of the Note. The magistrate determined that the Note clearly identified that Stewart, in his individual capacity, signed the Note and Mortgage and obligated himself to repay the Note. Nevertheless, the magistrate noted that CLS could no longer pursue a personal judgment on the Note against Stewart because he is now deceased and his estate was not substituted as a party.

**{¶ 14}** The magistrate also rejected MDCA's assertion that CLS could not enforce the mortgage against it because MDCA did not sign the mortgage and CLS could not obtain a personal judgment on the Note. The magistrate found that Stewart executed a quitclaim deed transferring the property back to MDCA but that MCDA's title interest was subject to the Mortgage. Accordingly, the magistrate concluded "that there is due [CLS] on the promissory note set forth in the Second Count of the Amended Complaint, the sum of $658,059.94, plus interest at 6.00% per annum from February 1, 2016, for which sum, judgment is hereby rendered in favor of the Substitute Plaintiff against the Defendant, George Stewart." The magistrate granted a decree of foreclosure on the Property.

### C. Objections to the Magistrate's Decision

**{¶ 15}** MDCA filed timely objections contending that (1) the court had no jurisdiction to render judgment against Stewart because he was dismissed from the action; (2) because the court lacked jurisdiction over Stewart, CLS could no longer claim its ability to enforce the Mortgage against MDCA under a decree of foreclosure; and (3) it was reversible error for the magistrate to fail to address the numerous deficiencies and the alleged forgery of Stewart's wife's "signature" releasing her "dower rights" on the mortgage. Essentially, MDCA claimed that because CLS did not pursue a claim against Stewart's estate in probate court or move to substitute Stewart's estate as a party defendant, it could no longer obtain a judgment on the Note and thus, could not enforce the Mortgage against it to obtain a judgment of foreclosure on the Property.

{¶ 16} CLS opposed MDCA's objections. It agreed that Stewart's death precluded a personal judgment on the Note against Stewart, but contended that it was still entitled to enforce the Mortgage against MDCA through foreclosure — an in rem judgment.

### D. Trial Court's Judgment Entry

{¶ 17} The trial court overruled MDCA's objections and adopted the magistrate's decision with a modification that clarified that the judgment in favor of CLS was an "in rem judgment. There is no personal money judgment granted against Defendant, George Stewart, now deceased."

## III. The Appeal

{¶ 18} MDCA now appeals, raising two assignments of error, both contending that the trial court erred in granting a foreclosure judgment in favor of CLS despite CLS not obtaining a personal judgment on the Note. These assignments of error will be addressed together.

{¶ 19} In its first assignment of error, MDCA contends that the trial court erred when it granted CLS a void "in rem" judgment on the Note against Stewart, deceased, when the court previously dismissed him from the suit pursuant to Civ.R. 25(A). Specifically, MDCA contends that because the court dismissed Stewart after his death pursuant to Civ.R. 25(A) and CLS did not substitute Stewart's estate as a party in this matter, the court no longer had personal jurisdiction over Stewart that allowed it to grant CLS an "in rem" judgment against Stewart. MDCA misconstrues

the trial court's decision — an in rem judgment is not against a person, but against the property.

> The typical progression of an action to foreclose a mortgage involves a legal action against the maker of a note who has defaulted on payments together with an equitable action on the mortgage to force a sale of the property based on the lender's secured position. The two forms of action proceed concurrently, as the judgment on the note provides the evidence needed to permit the secured party to foreclose and force a sale of the property to collect the amount of deficiency from the equity in the real estate.

*Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 5.

{¶ 20} A judgment on the Note, however, is not required to enforce the interest created by the Mortgage. "An action for a personal judgment on a promissory note and an action to enforce mortgage covenants are 'separate and distinct' remedies." *Holden* at ¶ 25, citing *Carr v. Home Owners Loan Corp.*, 148 Ohio St. 533, 540, 76 N.E.2d 389 (1947). The Ohio Supreme Court has explained that "[b]ased on the distinction between these causes of action — i.e., one is an action on a contract, while the other is an action to enforce a property interest created by the mortgage * * * 'the bar of the note or other instrument secured by the mortgage does not necessarily bar an action on the mortgage.'" *Holden* at *id.*, quoting *Kerr v. Lydecker*, 51 Ohio St. 240, 253, 37 N.E. 267 (1894); *Simon v. Union Trust Co.*, 126 Ohio St. 346, 350, 185 N.E. 425 (1933) ("For the purpose of subjecting the land to the payment of the mortgage debt, no personal judgment was ever necessary."). *See also BAC Home Loans Servicing, LP v. Heirs*, 10th Dist. Franklin No. 10AP-396,

2011-Ohio-1596, ¶ 15 (The right to enforce a note can be exercised through concurrent remedies — suit in personam for monetary relief against the debtor and in rem against the property itself). Accordingly, Stewart's death had no effect on CLS's ability to foreclose on the Property by enforcing its Mortgage.

{¶ 21} In this case, the complaint sought both a personal judgment against Stewart as the borrower under the note and an in rem judgment on the mortgage. With Stewart's death, CLS had several options — (1) substitute Stewart with his estate pursuant to Civ.R. 25 and pursue a monetary judgment against his estate in this foreclosure action; (2) file a claim in probate court pursuant to R.C. 2117.06 against the Estate of George Stewart; or (3) proceed with the foreclosure action based upon the mortgage.

{¶ 22} After the trial court dismissed Stewart from this action because no party substituted Stewart's estate as a party, CLS could no longer pursue a personal judgment against Stewart on the Note under this complaint. Accordingly, CLS could only pursue an in rem judgment on the mortgage, which it chose to do. As the trial court made clear when it modified the magistrate's decision pursuant to Civ.R. 53(D)(4)(b) and (e), the judgment was an in rem judgment, not a personal judgment against Stewart. Accordingly, we find no error in the trial court's decision granting a judgment of foreclosure in favor of CLS.

{¶ 23} In its second assignment of error, MDCA contends that the trial court erred when it granted judgment in favor of CLS on the Mortgage because CLS failed to obtain a judgment on the Note and, therefore, did not prove the Note-based

allegations in its Amended Complaint as required by Civ.R. 56. It claimed that Stewart's death rendered the Note "impaired." As we have explained, CLS did not need to obtain a judgment on the Note before enforcing the Mortgage and thus, Stewart's death did not create an impairment on the Note that affected CLS's right to foreclosure on the Property.

{¶ 24} Although MDCA does not specifically challenge CLS's ability to enforce the Mortgage beyond the arguments discussed above, we find that the record before this court demonstrates that the trial court properly found that CLS had standing to bring this action and thus, the court properly granted CLS an in rem judgment of foreclosure.

{¶ 25} Even when a lender does not seek an in personam judgment on a note, it is still necessary for the lender to establish that it has standing to enforce the note and the amounts due under the note in order to enforce a mortgage. "'Where a promissory note is secured by a mortgage, the note is evidence of the debt and the mortgage is a mere incident of the debt.'" *CitiMortgage, Inc. v. Jackson*, 8th Dist. Cuyahoga No. 101187, 2014-Ohio-4095, ¶ 12, quoting *United States Bank Natl. Assn. v. Gray*, 10th Dist. Franklin No. 12AP-953, 2013-Ohio-3340, ¶ 32. "In other words, it is the right to recover under the note that gives rise to the right to invoke the mortgage." *CitiMortgage, Inc. v. Wiley*, 10th Dist. Franklin No. 15AP-642, 2016-Ohio-5902, ¶ 13.

{¶ 26} Accordingly, even though CLS no longer sought an in personam judgment on the Note against Stewart following his death and dismissal from the

action, it was still required to establish that it had standing to enforce the Note and the amounts due under the Note.

{¶ 27} In *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 41, the Supreme Court of Ohio held that in order to have standing to foreclose, the plaintiff must have an interest in the note or mortgage at the time it files its complaint. "A party may establish its interest in the suit, and thus have standing, when, at the time it files its complaint of foreclosure, it either (1) has had a mortgage assigned to it, or (2) is the holder of the note." *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392, ¶ 12 (8th Dist.), citing *Schwartzwald*.

{¶ 28} At the time of filing the complaint, M&T Bank was the holder of the Note and assignee of the Mortgage. During the pendency of this action, M&T Bank transferred and assigned the blank indorsed original Note and the Mortgage to CLS. The evidence supporting CLS's motion for summary judgment demonstrated that Stewart defaulted under the terms of the Note and owed the amounts due and that CLS satisfied all conditions precedent and proved the amount of principal and interest due. *See JP Morgan Chase Bank, N.A. v. Loseke*, 2021-Ohio-68, 166 N.E.3d 676, ¶ 13 (8th Dist.) (identifying the requirements a plaintiff must satisfy to obtain judgment in a foreclosure action).

{¶ 29} Again, MDCA has not challenged CLS's interest in the Note or Mortgage. Nevertheless, we find that CLS established that it was entitled to enforce the Note and thus, could proceed to foreclose on the Property by enforcing its

interest in the Mortgage. We find no error in the trial court's judgment granting CLS a judgment of foreclosure. MDCA's first and second assignments of error are overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee, CLS, recover from appellant, MDCA, costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, ADMINISTRATIVE JUDGE

SEAN C. GALLAGHER, J., and
FRANK DANIEL CELEBREZZE, III, J., CONCUR