[Cite as *Nationstar Mtge., L.L.C. v. Anderson*, 2023-Ohio-3186.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, DBA MR. COOPER | : | |
| | : | |
| | : | C.A. No. 29716 |
| Appellee | : | |
| | : | Trial Court Case No. 2020 CV 01004 |
| v. | : | |
| | : | (Civil Appeal from Common Pleas |
| ANDREW S. ANDERSON, et al. | : | Court) |
| | : | |
| Appellant | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 8, 2023

. . . . . . . . . . .

JOHN A. FISCHER, Attorney for Appellant

JAMES W. SANDY, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant Andrew S. Anderson ("Anderson") appeals from a judgment of foreclosure entered by the Montgomery County Common Pleas Court. For the reasons that follow, we will affirm the judgment of the trial court.


I.      Facts and Course of Proceedings

**{¶ 2}** On November 24, 1999, Anderson and Loraine K. Anderson ("Lorraine"), husband and wife,[1] signed an open-end, 20-year mortgage agreement with Security National Mortgage Banc, LLC, relating to property located at 2143 Ottello Avenue in Dayton, Ohio. Pursuant to the mortgage and accompanying note, the Andersons were obligated to pay the principal sum of $44,500 in monthly installments with any remaining debt becoming due in full on December 1, 2019.

**{¶ 3}** On February 25, 2020, Plaintiff-Appellee Nationstar Mortgage LLC, dba Mr. Cooper ("Nationstar"), commenced an action for foreclosure against the Andersons in the Common Pleas Court of Montgomery County. According to the complaint, Nationstar was the current mortgagee of the November 24, 1999 mortgage pursuant to a series of assignments, and the Andersons had defaulted in payment on the mortgage. Attached to the complaint were copies of the original note and mortgage, the assignments of the mortgage, and a preliminary judicial report. Nationstar requested judgment in the sum of $7,390.59, plus interest at the rate of 7.875% per annum from February 1, 2018. Nationstar also requested that the subject property at Ottello Avenue be appraised, advertised, and sold according to law. The Andersons filed an answer denying the allegations in the complaint.

**{¶ 4}** In September 2020, the trial court issued an order staying the proceedings because of the foreclosure moratorium on federally-backed mortgage loans. The stay was lifted a year later. On October 25, 2021, Nationstar filed an amended complaint, adding unknown spouses of the Andersons, who had divorced. The Andersons filed

---

[1] We refer to Anderson's former wife by her first name to avoid confusion, due to their shared last name.

separate answers to the amended complaint. In her answer, Loraine explained that she and Anderson had divorced in 2013, and the divorce decree made Anderson solely responsible for the mortgage on the Ottello property.

{¶ 5} On December 27, 2021, Nationstar filed a motion for summary judgment on its amended complaint. Anderson filed a memorandum in opposition to the motion, but Loraine did not file any opposition to the motion. On January 9, 2023, the trial court granted Nationstar's motion for summary judgment and issued a final judgment entry and decree of foreclosure. The court awarded $7,390.59, plus interest thereon at the rate of 7.875% per annum from February 1, 2018. The trial court stated that unless this sum and the costs of the action were fully paid within three days of the judgment entry, the equity of redemption and dower of all the defendants in and to the premises shall be foreclosed and said premises sold.

{¶ 6} Anderson filed a timely notice of appeal from the judgment of foreclosure.

II.     The Trial Court Did Not Err in Granting Summary Judgment to Nationstar

{¶ 7} Anderson's sole assignment of error states:

> THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT OF FORECLOSURE.

{¶ 8} Anderson contends that the trial court erred by granting summary judgment to Nationstar for the following reasons: (1) Nationstar lacked standing to bring the suit in foreclosure, because it failed to show an unbroken chain of title from the original mortgagee to the present; (2) Nationstar failed to prove the amount due on the loan,

because it did not show all the payments made since the original date of the loan; and (3) Nationstar failed to properly support its motion for summary judgment with specific citations to the documents attached to its motion for summary judgment.

{¶ 9} Nationstar disagrees with Anderson's contentions. According to Nationstar, not only was it an assignee of the mortgage at the time the foreclosure action was filed, but it also was a holder of the note on the mortgage. Appellee's Brief, p. 8. Nationstar states that it showed a complete, unbroken chain of assignments from 1999 to the present. Further, Nationstar argues that Anderson lacks standing to challenge the validity of the assignments of the mortgage. *Id.* Regarding the amount due on the loan, Nationstar contends that a plaintiff is not required to provide a complete payment history to receive summary judgment in a foreclosure action. *Id.* Rather, an affidavit stating a loan is in default is sufficient, especially "where a borrower does not present controverting evidence and does not dispute their failure to pay[.]" *Id.* at 10. Finally, Nationstar states that it properly supported its motion for summary judgment, and the trial court did not have to "rummage through" the record to find support for the motion. *Id.* at 11.

{¶ 10} Under Civ.R. 56, summary judgment is appropriate when (1) no genuine issue as to any material fact exists, (2) the party moving for summary judgment is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is adverse to the nonmoving party. On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate its entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264

(1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.* "We review decisions granting summary judgment de novo, which means that we apply the same standards as the trial court." (Citations omitted.) *GNFH, Inc. v. W. Am. Ins. Co.*, 172 Ohio App.3d 127, 2007-Ohio-2722, 873 N.E.2d 345, ¶ 16 (2d Dist.).

{¶ 11} When a mortgagor defaults, a mortgagee "may elect among separate and independent remedies to collect the debt secured by a mortgage." (Citations omitted.) *Deutsche Bank Natl. Trust Co. v. Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, ¶ 21. These remedies include: (1) suits seeking personal judgments against mortgagors to recover amounts due on promissory notes, without resorting to the mortgaged property; (2) actions to enforce mortgages, which are for the mortgagee's exclusive benefit and for those claiming under the mortgagee; and (3) "based on the property interest created by the mortgagor's default on the mortgage, the mortgagee may bring a foreclosure action to cut off the mortgagor's right of redemption, determine the existence and extent of the mortgage lien, and have the mortgaged property sold for its satisfaction." (Citations omitted.) *Id.* at ¶ 22-24.

{¶ 12} The case before us involves the third remedy, which is a foreclosure action asking that the property be sold. However, a " 'foreclosure proceeding is the enforcement of a debt obligation,' * * * and the debt is established by the note." *Id.* at

¶ 27, quoting *Wilborn v. Bank One Corp.*, 121 Ohio St.3d 546, 2009-Ohio-306, 906 N.E.2d 396, ¶ 17. In *Holden*, the court concluded that a bank could proceed in foreclosure against a debtor who had been discharged from any obligation on a promissory note in bankruptcy proceedings, so long as the bank could prove that "it is the party entitled to enforce the note—regardless of whether it can obtain a personal judgment on it against the [obligors]." *Holden* at ¶ 27.

{¶ 13} " 'To properly support a motion for summary judgment in a foreclosure action, a plaintiff must present evidentiary-quality materials showing: (1) the movant is the holder of the note and mortgage, or is a party entitled to enforce the instrument; (2) if the movant is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.' " (Citations omitted.) *JP Morgan Chase Bank, N.A. v. Massey*, 2d Dist. Montgomery No. 25459, 2013-Ohio-5620, ¶ 20.

{¶ 14} Anderson first takes issue with Nationstar's proof that it is the current mortgagee. According to Anderson, Nationstar failed to establish an unbroken chain of title between it and the original mortgagee. Further, Anderson contends that this failure means that Nationstar lacked standing to pursue the foreclosure action.

{¶ 15} A party commencing litigation must have standing to sue to invoke the jurisdiction of the common pleas court. *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 38. "To have standing, a plaintiff must have a personal stake in the outcome of the controversy and have suffered some concrete injury that is capable of resolution by the court." (Citations omitted.)

*Bank of Am., N.A. v. Adams*, 8th Dist. Cuyahoga No. 101056, 2015-Ohio-675, ¶ 7.

{¶ 16} Attached to Nationstar's complaint and to its motion for summary judgment are copies of the assignments of the November 24, 1999 mortgage. First, the mortgage was assigned by Security National Mortgage Banc, LLC to Flagstar Bank, FSB, on November 24, 1999. Then, Flagstar Bank, FSB assigned the mortgage to Fannie Mae, or Federal National Mortgage Association, in care of Chase Mortgage Company, on July 26, 2000. Federal National Mortgage Association then assigned the mortgage to JPMorgan Chase Bank, National Association on April 22, 2015. Next, JPMorgan Chase Bank, National Association assigned the mortgage to Federal National Mortgage Association on January 20, 2016. Finally, on February 4, 2020, Federal National Mortgage Association, through Nationstar Mortgage, LLC, its attorney-in-fact, assigned the mortgage to Nationstar Mortgage LLC D/B/A Mr. Cooper. All these assignments were recorded in the Montgomery County Recorder's Office.

{¶ 17} The February 4, 2020 mortgage assignment to Nationstar was recorded in the Montgomery County Recorder's Office before this foreclosure case was filed. Contrary to Anderson's argument, the record establishes an unbroken chain of assignments from the first mortgagee to Nationstar. Anderson attempts to raise doubt regarding the chain of title by noting a difference in address in the Flagstar entity and raising a question about whether the Chase Bank entities were the same across different assignments. But the assignments in the record before us show an unbroken chain of title from each assignment to the next. The very minor address differences noted by Anderson were insufficient, by themselves, to create a genuine issue of material fact

regarding standing, especially where Anderson did not present any evidence that any of these entities were not what they appeared to be on the face of the recorded documents. Further, we note that Anderson lacks standing to challenge the validity of the assignments of the mortgage, because Anderson was not a party to the assignments. The Eighth District has explained that the reason for this conclusion is that the assignments do not alter the borrower's obligations under the note or mortgage. *Bank of New York Mellon Trust Co. v. Unger*, 8th Dist. Cuyahoga No. 97315, 2012-Ohio-1950, ¶ 35. *Accord Bank of New York Mellon v. Clancy*, 2d Dist. Montgomery No. 25823, 2014-Ohio-1975, ¶ 33.

{¶ 18} Nationstar contends that the fact it established that it was the mortgagee was sufficient to confer standing, because "a plaintiff has standing to foreclose when it establishes an interest in the note or mortgage at the time it commenced the lawsuit." Appellee's Brief, p. 6. For this proposition, Nationstar cites to our previous decision in *Wells Fargo Bank, N.A. v. TIC Acropolis, LLC*, 2d Dist. Greene Nos. 2015-CA-32, 2015-CA-33, 2016-Ohio-142, and the Eighth District's decision in *CitiMortgage, Inc. v. Patterson*, 2012-Ohio-5894, 984 N.E.2d 392 (8th Dist.). While Nationstar's citations are accurate, these decisions were issued before the Ohio Supreme Court's decision in *Holden*, 147 Ohio St.3d 85, 2016-Ohio-4603, 60 N.E.3d 1243, at ¶ 21, which called into question whether a mortgagee has standing to obtain a judgment in foreclosure without also proving it is a party entitled to enforce the note. As the *Holden* Court explained:

> But *Schwartzwald* did not define what documents are necessary to establish standing. We stated, based on those facts, "[B]ecause [the bank] failed to establish an interest in the note or mortgage at the time it filed suit,

it had no standing to invoke the jurisdiction of the common pleas court." *Id.* at ¶ 28.

Parties and courts have seized upon that "failed to establish an interest in the note or mortgage" statement in *Schwartzwald* as establishing that a plaintiff in a foreclosure action must have an interest in either the note or the mortgage at the time of filing in order to establish standing. However, the "or" statement in *Schwartzwald* was a description of the particular facts in that case rather than a statement about the requisites of standing. The only issue before the court in that case was "whether a lack of standing at the commencement of a foreclosure action filed in a common pleas court may be cured by obtaining an assignment of a note and mortgage sufficient to establish standing prior to the entry of judgment." *Id.* at ¶ 19. The bank had conceded that "there [was] no evidence that it had suffered any injury at the time it commenced [the] foreclosure action," *id.* at ¶ 28; the bank had neither the note nor the mortgage at the time of filing, so this court never considered whether possession of only one of the two documents would be sufficient to confer standing on the bank.

*Holden* at ¶ 30-31. The *Holden* Court then concluded that "[t]o achieve *judgment* on its foreclosure claim, Deutsche Bank needed to prove that it was the party entitled to enforce the note." (Emphasis sic.) *Id.* at ¶ 33.

{¶ 19} The *Holden* decision suggests that a party must establish an interest in both the mortgage and the note to gain a judgment on a foreclosure claim. Therefore, we will

address the issue of whether Nationstar was a party entitled to enforce the note.

{¶ 20} In the present case, there appears to be no dispute that the promissory note was a negotiable instrument. Under R.C. 1303.31(A), the parties entitled to enforce a negotiable instrument are: "(1) The holder of the instrument; (2) A nonholder in possession of the instrument who has the rights of a holder; (3) A person not in possession of the instrument who is entitled to enforce the instrument pursuant to section 1303.38 or division (D) of section 1303.58 of the Revised Code." "Holder" is defined as "(a) The person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession; (b) The person in possession of a negotiable tangible document of title if the goods are deliverable either to bearer or to the order of the person in possession; or (c) The person in control of a negotiable electronic document of title." R.C. 1301.201(B)(21).

{¶ 21} In its motion for summary judgment, Nationstar stated, "In the present case, Plaintiff was a person entitled to enforce the promissory note at the time the Complaint was filed, and remains a person entitled to enforce the promissory note to date." Plaintiff's Motion for Summary Judgment, p. 7, citing Affidavit in Support of Summary Judgment, ¶ 8. Attached to the motion for summary judgment was the affidavit of Britney Fisher, an employee of Nationstar with the title of Document Execution Associate. She averred that "Attached hereto as Exhibit A is a true and accurate copy of the original promissory note, which is part of the Mortgage Loan ('the Note')." Affidavit in Support of Summary Judgment, ¶ 7. She also averred that "Nationstar Mortgage LLC, dba Mr. Cooper was a person entitled to enforce the promissory note at the time the Complaint

was filed, and remains a person entitled to enforce the promissory note to date." *Id.* at ¶ 8.

{¶ 22} Fisher did not state in her affidavit the precise facts on which she relied in making her averment that Nationstar was a party entitled to enforce the note. For example, she did not aver that Nationstar was the holder of the note or that Nationstar was a nonholder in possession of the instrument who had the rights of a holder. While she averred that she attached a true and accurate copy of the original note to her affidavit, it is unclear whether that meant she and Nationstar had possession of the original note or just obtained a true and accurate "copy" of the note by other means. However, Anderson failed to raise any objection to Fisher's affidavit on this basis and did not contend that Nationstar lacked standing due to a failure to prove it was a party entitled to enforce the note. Further, he did not submit any evidence in opposition to the motion for summary judgment that contradicted the averments made in Fisher's affidavit. As a result, we must conclude that Anderson waived any argument related to whether Nationstar was a party entitled to enforce the note and did not satisfy his reciprocal summary judgment burden of pointing to specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. Therefore, the trial court did not err in finding that Nationstar had standing to bring this foreclosure action.

{¶ 23} Anderson also contends that Nationstar failed to prove the amount due on the loan, because Nationstar failed to show all the payments made since the original date of the loan. But courts have consistently held that "[t]here is no requirement that a plaintiff provide a complete 'payment history' in order to establish its entitlement to

summary judgment in a foreclosure action." (Citations omitted.) *Morequity, Inc. v. Gombita*, 2018-Ohio-4860, 125 N.E.3d 300, ¶ 44 (8th Dist.). Rather, " '[a]n affidavit stating that the plaintiff is the owner of the note and mortgage and that the loan is in default generally is sufficient to permit a trial court to enter summary judgment and order foreclosure, unless there is evidence that controverts the averments.' " *Wells Fargo Fin. Ohio 1, Inc. v. Robinson*, 2d Dist. Champaign No. 2016-CA-23, 2017-Ohio-2888, ¶ 17, quoting *JP Morgan Chase Bank, N.A. v. Johnson*, 2d Dist. Champaign No. 2014-CA-27, 2015-Ohio-1939, ¶ 10.

**{¶ 24}** Nationstar submitted an affidavit, along with a payment history, which showed a balance due of $7,708.76 as of February 2018. The records going forward showed the last payment of $512.31 was made on the loan on March 11, 2019. This payment reduced the outstanding balance to $7,390.59, which was the amount of the judgment awarded to Nationstar. This satisfied Nationstar's summary judgment burden. Anderson then had the burden of coming forward with evidence contesting the amount due or the fact that he had defaulted on the mortgage. He did not do so. Therefore, the trial court did not err in granting summary judgment to Nationstar.

**{¶ 25}** Finally, Anderson contends that Nationstar failed to include citations in its motion for summary judgment to specific parts of the record. According to Anderson, Nationstar failed to cite to the affidavit attached to its motion, failed to cite the documents authenticated by the affidavit, and failed to show how these documents supported Nationstar's claim to summary judgment. Anderson argues that it is not the court's job to search Nationstar's filing to "ferret out" the basis for its claim. Appellant's Brief, p. 8.

We do not agree with Anderson's characterization of Nationstar's motion for summary judgment.

**{¶ 26}** Nationstar attached to its motion for summary judgment an affidavit from one of its employees who had personal knowledge of and reviewed Nationstar's business records. Attached to her affidavit were the documents that demonstrated the unbroken chain of title from the original mortgagee to Nationstar. Further, attached to her affidavit was the payment history on the loan from February 2018 to September 2021. In total, there were under 40 pages of documents attached to Nationstar's motion for summary judgment. While Nationstar could have done a better job of walking the trial court through the various assignments and the payment history, we do not believe this was a situation where the movant failed to meet its initial burden of showing an absence of a genuine issue of material fact. Rather, Nationstar laid out its argument and attached relevant, evidentiary support for its argument. Anderson then had the burden of pointing to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. Anderson did not meet his reciprocal burden. Therefore, the trial court did not err in granting judgment to Nationstar.

**{¶ 27}** The sole assignment of error is overruled.

III.   Conclusion

**{¶ 28}** Having overruled Anderson's sole assignment of error, the judgment of the trial court will be affirmed.

. . . . . . . . . . . .

WELBAUM, P.J. and EPLEY, J., concur.