[Cite as *JPMorgan Chase Bank N.A. v. Carpenter*, 2025-Ohio-295.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

| | | |
|---|---|---|
| JPMORGAN CHASE BANK NA | : | |
| Appellee | : | C.A. No. 30024 |
| v. | : | Trial Court Case No. 2020 CV 00688 |
| JEFFREY B. CARPENTER ET AL. | : | (Civil Appeal from Common Pleas Court) |
| Appellants | : | |

· · · · · · · · · · ·

O P I N I O N

Rendered on January 31, 2025

· · · · · · · · · · ·

JOHN T. KELLY & LANE S. MCKENZIE, Attorneys for Appellant

MATTHEW J. RICHARDSON, Attorney for Appellee

· · · · · · · · · · · ·

LEWIS, J.

{¶ 1} Defendants-Appellants Jeffrey B. and Amy Carpenter appeal from a judgment of the Montgomery County Court of Common Pleas granting summary judgment to Plaintiff-Appellee JPMorgan Chase Bank NA ("Chase Bank") and entering a foreclosure decree. For the following reasons, we will affirm the judgment of the trial

court.

I.     Facts and Course of Proceedings

{¶ 2} On February 6, 2020, Chase Bank filed a foreclosure action against the Carpenters in the Montgomery County Court of Common Pleas, alleging it was the holder of a promissory note in the original principal amount of $142,942.00.   The complaint also alleged that Chase Bank held an FHA mortgage on the property located at 4207 Tradewind Court in Englewood, which was the Carpenters' primary residence.   Chase Bank stated that the original obligations of the note and mortgage had been modified by agreement of the parties.   The complaint also alleged that the personal obligations of Jeffrey Carpenter had been discharged under the United States Bankruptcy Code. Chase Bank sought $132,207.30 plus interest from Amy Carpenter and an order foreclosing the equity of redemption and dower and requiring the property be sold.

{¶ 3} On March 25, 2020, the Carpenters filed a motion to stay the case due to the Covid-19 pandemic.   The trial court granted the stay.   Over the next year, Chase Bank periodically filed motions to extend the stay, which the trial court granted.   On June 10, 2021, the Carpenters filed an answer to the complaint.   Chase Bank filed a motion for summary judgment and the case was finally reinstated to the active docket on November 18, 2021.   On December 2, 2021, however, Chase Bank filed a notice with the trial court that Amy Carpenter had filed for bankruptcy protection under Chapter 13 of the United States Bankruptcy Code.   Accordingly, the trial court dismissed the case without prejudice and stated that the case could be reactivated upon Chase Bank's motion for

good cause shown.

{¶ 4} On August 24, 2022, Chase Bank filed a motion to reactivate/reinstate the case based on notice that the Chapter 13 bankruptcy case of Amy Carpenter had been dismissed. The trial court granted this motion. On August 26, 2022, however, Chase Bank filed notice with the trial court that Amy Carpenter had filed for protection under Chapter 7 of the United States Bankruptcy Code.

{¶ 5} The case remained dormant until March 8, 2023, when it was again reactivated by motion of Chase Bank after Amy Carpenter received a bankruptcy discharge. On July 31, 2023, the trial court granted the Carpenters' motion for leave to file an amended answer. After filing their amended answer, the Carpenters then filed their memorandum in opposition to Chase Bank's earlier motion for summary judgment. Chase Bank subsequently filed an affidavit in further support of its motion for summary judgment. On November 7, 2023, the Carpenters filed their own motion for summary judgment. Chase Bank filed a memorandum in opposition to the Carpenters' motion for summary judgment.

{¶ 6} On December 28, 2023, the trial court issued a decision denying the Carpenters' motion for summary judgment and granting Chase Bank's motion for summary judgment. On January 8, 2024, the trial court entered the judgment and foreclosure decree. The Carpenters filed a timely notice of appeal. The execution of Chase Bank's judgment was stayed by the trial court following the posting of a supersedeas bond by the Carpenters.

II.     The Trial Court Did Not Err in Finding Chase Had Standing

{¶ 7} The first assignment of error states:

The Trial Court erred in its decision, rendered on December 28, 2023, granting Appellee's Motion for Summary Judgment by improperly resolving genuine issues of material fact in favor of the Plaintiff in its determination that Plaintiff had standing as the real party in interest to enforce the Note and Mortgage.

{¶ 8} Pursuant to Civ.R. 56(C), summary judgment is proper when (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds, after construing the evidence most strongly in favor of the nonmoving party, can only conclude adversely to that party.   *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370 (1998).   The moving party carries the initial burden of affirmatively demonstrating that no genuine issue of material fact remains to be litigated.   *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115 (1988).   To this end, the movant must be able to point to evidentiary materials of the type listed in Civ.R. 56(C) that a court is to consider in rendering summary judgment.   *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293 (1996).   The substantive law of the claim or claims being litigated determines whether a fact is "material."   *Perrin v. Cincinnati Ins. Co.*, 2020-Ohio-1405, ¶ 29 (2d Dist.), citing *Herres v. Millwood Homeowners Assn., Inc.*, 2010-Ohio-3533, ¶ 21 (2d Dist.).

{¶ 9} Once the moving party satisfies its burden, the nonmoving party may not rest upon the mere allegations or denials of the party's pleadings.   *Dresher* at 293; Civ.R.

56(E).  Rather, the burden then shifts to the nonmoving party to respond, with affidavits or as otherwise permitted by Civ.R. 56, setting forth specific facts that show that there is a genuine issue of material fact for trial.  *Dresher* at 293.  "[I]f the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party."  *Id.*  Throughout, the evidence must be construed in favor of the nonmoving party.  *Id.*

{¶ 10} We review the trial court's ruling on a motion for summary judgment de novo.  *Schroeder v. Henness*, 2013-Ohio-2767, ¶ 42 (2d Dist.).  De novo review means that this court uses the same standard that the trial court should have used, and we examine all the Civ.R. 56 evidence, without deference to the trial court, to determine whether, as a matter of law, no genuine issues exist for trial.  *Ward v. Bond*, 2015-Ohio-4297, ¶ 8 (2d Dist.).

{¶ 11} "To prevail on a motion for summary judgment in a foreclosure action, the plaintiff must prove: (1) it is the holder of the note and the mortgage, or is a party entitled to enforce them; (2) if the plaintiff is not the original mortgagee, the chain of assignments and transfers; (3) the mortgagor is in default; (4) all conditions precedent have been met; and (5) the amount of principal and interest due.  *Carrington Mtge. Servs., LLC v. McClain*, 2023-Ohio-2211, ¶ 18 (2d Dist.), citing *Wells Fargo Bank, N.A. v. Mears*, 2019-Ohio-242, ¶ 18 (2d Dist.); *U.S. Home Ownership, LLC v. Young*, 2018-Ohio-1059, ¶ 7 (2d Dist.).

{¶ 12} The Carpenters contend that Chase Bank was not a real party in interest with standing to foreclose because its witness failed to state in her affidavit that she had

compared the copies attached to Chase Bank's summary judgment motion with the original documents to ensure they were true and accurate copies. In particular, the Carpenters state, "In the instant case, the affidavit of Ms. Lozano is absent of any explicit statement that she was able to compare the copies of the original documents and, based on that review, determine whether the Note and Mortgage are true and accurate copies." Appellants' Brief, p. 10. Further, the Carpenters argue that the testimony of Shellie Hill raised substantial questions about the authenticity of the assignment from USA Home Loan, Inc. to Chase Home Finance, LLC in 2008. Finally, the Carpenters take issue with the fact Chase Bank produced conflicting copies of the note. According to the Carpenters, the note attached to Chase Bank's complaint and its motion for summary judgment bears an endorsement from Kayla Cooley, but the copy of the note Chase Bank produced to the Carpenters in response to a qualified written request did not bear Kayla Cooley's endorsement.

{¶ 13} Chase Bank responds that the copy of the note was properly authenticated by its affiant when she stated that the documents attached to her affidavit were true and accurate copies of the note and mortgage. Further, Chase Bank argues that a transfer of the note functions as a transfer of the mortgage even in the absence of a mortgage assignment. Because Chase was indisputably entitled to enforce the note that the mortgage secured, it was irrelevant whether Shellie Hill had completed the assignment in 2008. Finally, Chase Bank points out that the Carpenters lacked standing to challenge the validity of the mortgage assignment and failed to produce any summary judgment evidence to indicate that any financial institution other than Chase Bank was the party to

which they owed their mortgage obligation.

{¶ 14} A foreclosure proceeding enforces a debt obligation, which is established by the note. *U.S. Bank Natl. Assn. for Registered Holders of GE Commercial Mtge. Corp., Commercial Mtge. Pass-Through Certificates, Series 2006-C1 v. Courthouse Crossing Acquisitions, LLC*, 2017-Ohio-9231, ¶ 12 (2d Dist.), citing *Deutsche Bank Natl. Trust Co. v. Holden*, 2016-Ohio-4603, ¶ 21. The party entitled to enforce the note may pursue foreclosure regardless of whether it can obtain a personal judgment against the obligors. *Id.*, citing *Holden* at ¶ 27. " 'In foreclosure actions, the real party in interest is the current holder of the note and mortgage.' " *HSBC Bank USA v. Thompson*, 2010-Ohio-4158, ¶ 45 (2d Dist.), quoting *Wells Fargo Bank, N.A. v. Sessley*, 2010-Ohio-2902, ¶ 11 (10th Dist.). The Ohio Supreme Court has made clear that a "creditor seeking to foreclose on the mortgage must prove that it was the person or entity entitled to enforce the note secured by the mortgage." *Holden* at ¶ 26.

{¶ 15} "R.C. 1303.31(A) identifies three classes of persons who are 'entitled to enforce' an instrument, such as a note: (1) the holder of the instrument, (2) a nonholder in possession of the instrument who has the rights of a holder, and (3) a person not in possession of the instrument who is entitled to enforce the instrument pursuant to R.C. 1303.38 or R.C. 1303.58(D)." *Wells Fargo Bank, N.A. v. TIC Acropolis, LLC*, 2016-Ohio-142, ¶ 29 (2d Dist.). "The term 'holder' includes a 'person in possession of a negotiable instrument that is payable either to bearer or to an identified person that is the person in possession.' " *Id.*, quoting R.C. 1301.201(B)(21)(a).

{¶ 16} Chase Bank attached the affidavit of Jennifer Ann Lozano to its motion for

summary judgment. She stated that in the regular performance of her job functions she was familiar with the business records maintained by Carrington Mortgage Services LLC, which was the loan servicing agent for Chase Bank. According to Lozano, Chase Bank or its agent had possession of the note at the time she executed the affidavit and had possession of the note prior to filing the complaint. Lozano averred that the note had been indorsed in blank. She stated that attached to her affidavit were "true and accurate copies of the following business records of Carrington Mortgage Services LLC:" the note, the mortgage, the assignment of the mortgage, the loan modification agreement, the demand letter, and the pay history.

{¶ 17} Lozano's affidavit and the documents attached to it established that Chase Bank was the real party in interest and had standing to sue the Carpenters at the time it filed its complaint. The Carpenters argue that Lozano's failure to state that she had compared the note attached to her affidavit with the original of the note meant that Chase Bank had failed to establish that the copy of the note attached to her affidavit was a true and accurate copy of the note. However, no particular or talismanic language in an affidavit was required to establish that the note attached to the affidavit was a true and accurate copy of the note. Here, the evidence showed that the affiant had personal knowledge of both the note and the copy of the note attached to her affidavit. She then stated that the copy of the note attached to her affidavit was a true and accurate copy of the note. That qualified as evidence that the copy of the note attached to her affidavit was a true and accurate copy of the note.

{¶ 18} The Carpenters also argue that Chase did not establish the authenticity of

the assignment from USA Home Loan, Inc. to Chase Home Finance, LLC in 2008. "Although the lender is required to establish standing in order to meet its burden of proof in a foreclosure action, the borrower's ability to challenge standing by attacking the assignment is limited." *Wells Fargo Bank, N.A. v. Scott*, 2015-Ohio-3269, ¶ 17 (2d Dist.). A mortgagor lacks standing to challenge the validity of the assignments of the mortgage, because the mortgagor was not a party to the assignments. *Nationstar Mtge. LLC v. Anderson*, 2023-Ohio-3186, ¶ 17 (2d Dist.). We have reasoned that the assignments do not alter the borrower's obligations under the note or mortgage. *Id.*, citing *Bank of New York Mellon Trust Co. v. Unger*, 2012-Ohio-1950, ¶ 35 (8th Dist.); *Bank of New York Mellon v. Clancy*, 2014-Ohio-1975, ¶ 33 (2d Dist.) Based on our precedent, we conclude that the Carpenters' argument regarding the authenticity of the assignment must fail.

**{¶ 19}** We also note that, in their amended answer, the Carpenters admitted that they had executed two loan modifications and that copies of those modifications were attached to Chase Bank's complaint as Exhibits E and F. The first loan modification listed the Carpenters as the borrowers and Chase Home Finance, LLC as the lender. The second loan modification listed the Carpenters as the borrowers and Chase Bank as the lender as the successor by merger to Chase Home Finance, LLC. While the Carpenters argue that Chase Bank does not have standing because it is not the real party in interest, Chase Bank did meet its summary judgment burden to show that it had standing. The Carpenters then failed to meet their reciprocal summary judgment burden. Therefore, upon the record before us, we cannot conclude the trial court erred in finding that Chase Bank had the requisite standing to sue.

**{¶ 20}** The first assignment of error is overruled.

III.     Chase Was Not Required to Submit a Complete Payment History

**{¶ 21}** The second assignment of error states:

The Trial Court erred in its decision, rendered on December 28, 2023, granting Appellee's Motion for Summary Judgment in the absence of a complete payment history.

**{¶ 22}** In this assignment of error, the Carpenters argue that Chase Bank failed to establish the correct amount due under the note because the transaction histories and loan balances attached to Chase Bank's motion for summary judgment "are either partially or completely illegible.  As such, Plaintiff failed to provide evidentiary quality materials demonstrating the correct amount of principal and interest due under the Note." Appellants' Brief, p. 14.

**{¶ 23}** In response, Chase argues that it was not required to produce a complete payment history in order to establish its entitlement to summary judgment.  Further, Chase points out that the Carpenters did not produce any summary judgment evidence to show "that the amount due and owing on their mortgage loan was anything other than what Chase said it was."  Appellee's Brief, p. 18.

**{¶ 24}**  "An affidavit stating that the plaintiff is the owner of the note and mortgage and that the loan is in default generally is sufficient to permit a trial court to enter summary judgment and order foreclosure, unless there is evidence that controverts the averments." *JP Morgan Chase Bank, N.A. v. Johnson*, 2015-Ohio-1939, ¶ 10 (2d Dist.), citing *Bank*

*One v. Swartz*, 2004-Ohio-1986, ¶ 14. Moreover, a plaintiff does not need to provide a complete payment history from the origination of the loan to establish its entitlement to summary judgment in a foreclosure case. *Anderson*, 2023-Ohio-3186, at ¶ 23 (2d Dist.); citing *MorEquity, Inc. v. Gombita*, 2018-Ohio-4860, ¶ 44 (8th Dist.).

{¶ 25} The Lozano affidavit attached to its motion for summary judgment stated that Chase Bank had possession of the note, which was indorsed in blank, and that the loan was in default. Further, the affidavit stated how much was due and owing on the note and mortgage. Attached as Exhibit F to the Lozano affidavit was a breakdown of loan payments made by the Carpenters. While we agree with the Carpenters that some of the payment transaction history was virtually illegible, especially in the latter half of Exhibit F, this did not change the fact that Chase Bank had presented sufficient evidence to satisfy its initial burden under Civ.R. 56. The Carpenters then had the reciprocal burden to show that there was a genuine issue of material fact regarding the amount owed to Chase Bank. The Carpenters, however, did not put forth evidence to create a genuine issue of material fact that they owed an amount different than the amount sought by Chase Bank. Notably, the Carpenters admitted in their amended answer that they had executed two loan modifications. Amended Answer, ¶ 6. The loan modifications stated the amount remaining to be paid as of the date of the modifications. Further, the Carpenters failed to put forth any evidence regarding what amount was still owed after the loan modifications, let alone evidence that the amount sought by Chase Bank was an incorrect amount. In short, the Carpenters did not appear to contest that they owed money on the note and mortgage but failed to submit any evidence creating a genuine

issue of material fact regarding the amount owed.

{¶ 26} The second assignment of error is overruled.

IV.     The Carpenters Failed to Satisfy Their Summary Judgment Burden Relating to Their Affirmative Defense

{¶ 27} The third assignment of error states:

The Trial Court erred in its decision, rendered on December 28, 2023, granting Appellee's Motion for Summary Judgment when it found compliance with FHA pre-foreclosure regulations.

{¶ 28} In their third assignment of error, the Carpenters argue that Chase Bank did not properly establish it had satisfied all necessary conditions precedent.   In particular, the Carpenters contend that federal law requires lenders to take specific loss mitigation steps before filing a foreclosure action on loans insured by the U.S. Department of Housing and Urban Development ("HUD").   Appellants' Brief, p. 15, citing 24 C.F.R. 203.500.   "These steps include mailing a publication called *How to Avoid Foreclosure*, arranging a face-to-face meeting with the borrower before 3 full monthly installments due on the mortgage are unpaid, and mailing a letter certified within 3 months of default."   *Id.* According to the Carpenters, "These steps are not optional, but mandatory and integral to the very structure of an FHA-insured loan contract.   As such, they are conditions precedent, which a plaintiff must satisfy to proceed with a foreclosure."   *Id.*   The Carpenters also argue that the trial court improperly relied on an untimely affidavit submitted with Chase Bank's reply memorandum to find that Chase Bank had complied

with part of its duty to fulfill all conditions precedent.

**{¶ 29}** Chase Bank responds that the lack of compliance with HUD pre-foreclosure requirements is an affirmative defense on which the borrower bears the burden of proof at trial, not a condition precedent for the foreclosure plaintiff. Appellee's Brief, p. 18, citing *Wells Fargo Bank, N.A. v. Goebel*, 2014-Ohio-472, ¶ 24 (2d Dist.). According to Chase Bank, the Carpenters failed to produce any evidence showing a lack of compliance with the HUD pre-foreclosure requirements. Also, Chase Bank contends that it produced documents to the Carpenters that demonstrated such compliance, which were included in the affidavit attached to its reply memorandum. Finally, Chase Bank argues that the Carpenters cannot complain about the trial court's consideration of that affidavit because they failed to object to it in the trial court.

**{¶ 30}** The plaintiff in a foreclosure action must prove that all conditions precedent have been met to meet its burden of proof for summary judgment. *Huntington Natl. Bank v. Payson*, 2015-Ohio-1976, ¶ 18 (2d Dist.). In *Goebel*, we held that non-compliance with 24 C.F.R. 203.604 created an affirmative defense on which the defendant in a foreclosure action bore the burden of proof. *Goebel* at ¶ 20. Therefore, Chase Bank did not have the initial burden to present evidence that it had complied with 25 CFR 203.604. Rather, the Carpenters had the initial burden to produce Civ.R. 56 quality evidence that Chase Bank did not comply with 24 CFR 203.604.

**{¶ 31}** The Carpenters did not provide any evidence of the type contemplated in Civ.R. 56 to establish that Chase Bank did not fulfill the HUD requirements. Rather, the Carpenters relied solely on criticizing the fact that Chase Bank did not timely submit

evidence with its motion for summary judgment showing their compliance with the HUD requirements.   Given that it was the Carpenters' burden to submit evidence in support of their affirmative defense, we cannot conclude on the record before us that the trial court erred in granting summary judgment to Chase Bank.[1]

{¶ 32} The third assignment of error is overruled.

V.      The Trial Court Did Not Err in Entering the Foreclosure Decree

{¶ 33} The fourth assignment of error states:

> The Trial Court erred in its decision, rendered on January 8, 2024, granting Judgment Entry and Foreclosure Decree.

{¶ 34} In their final assignment of error, the Carpenters contend that the judgment entry and foreclosure decree have the same legal deficiencies as the trial court's grant of summary judgment.   Therefore, "[i]f the grant of summary judgment is found to be in error due to unresolved material facts, then the Foreclosure Decree, which follows from and relies upon the summary judgment, is also rendered invalid."   Appellants' Brief, p. 20.

{¶ 35} Chase Bank responds that the fourth assignment of error violates App.R. 16(A)(7), because the Carpenters fail to raise any specific issues with the trial court's judgment entry and decree in foreclosure.   Further, Chase Bank argues that the fourth assignment of error should be overruled because it is based on the first three assignments

---

[1] Given our conclusion that the Carpenters failed to meet their initial burden of presenting evidence to support their affirmative defense, we need not address whether the trial court improperly relied on Chris Lechtanski's affidavit, which was filed after the Carpenter's memorandum in opposition to Chase Bank's motion but before the Carpenters' own motion for summary judgment.

of error, which are meritless.

{¶ 36} Having overruled the first three assignments of error, we cannot conclude that the trial court erred in entering a foreclosure decree based solely on the arguments the Carpenters raised in their first three assignments of error. Therefore, the fourth assignment of error is overruled.

## VI.   Conclusion

{¶ 37} Having overruled all of the assignments of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .

WELBAUM, J. and HUFFMAN, J., concur.